RECEIVED
USDC. CLERK. CHARLESTON. S.

2010 AUG -5 A 9: 54

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Quintney Graham, | C. A. No. 2:10-755-HFF-RSC |
| Plaintiff, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| Phillip Thompson, Sheriff, Tom Fox, Director, | |
| Defendants. | |

This civil rights action under 42 U.S.C. § 1983[1] (West 1994 & Supp. 1998) brought by a pre-trial detainee proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on the defendants' motion for summary judgment. 28 U.S.C. § 636(b).

Plaintiff, Quintney Graham, filed this action on March 24, 2010, and named as Defendant Sheriff Philip Thompson, Sheriff of Horry County, and Director Tom Fox, the director of the J. Reuben

---

[1] Section 1983, titled a civil action for deprivation of rights reads in relevant portion:
 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Long Detention Center (JRLDC) in Conway, South Carolina. Plaintiff alleged that they have responsibility to provide safe housing and law library access to inmates and pretrial detainees. He complains that he has been subjected to "inhumane, overcrowded conditions" and denied access to the detention center's law library. Plaintiff alleges that he suffered a rash and upset stomach as a result of the alleged overcrowding, floor sleeping, and unsanitary conditions. He claims to have filed several grievances about both the alleged overcrowding and the lack of law library access, all of which have gone unanswered. He seeks damages and equitable relief.

On June 29, 2010, the defendants filed a motion for summary judgment. The plaintiff was provided a copy of the motion and on June 30, 2010, he was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). On July 21, 2010, he filed an objection to the defendants' motion. Although the filing is characterized as an affidavit on the docket of the Clerk, it does not purport to be such and is not notarized or signed under penalty of perjury. (Doc. 16). As such, it cannot be viewed as evidence by the court in considering the motion. Hence it appears that consideration of the motion is appropriate.

## **SUMMARY JUDGMENT STANDARD**

To grant a motion for summary judgment, this court first must find that "there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which the party bears the burden of proof at trial. Celotex Corp. v. Cattrett, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-23 (4th Cir. 1990). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Teamsters Joint Council No. 83 v. CenTra, Inc., 947 F.2d 115, 119 (4th Cir. 1991); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

Speculation is not enough to withstand a motion for summary judgment. Ash v. United Parcel Service, Inc., 800 F.2d 409, 411-

12 (4th Cir. 1986). Indeed, the court should draw reasonable inferences on behalf of the non-moving party, but it must not slip into "sheer speculation." The court may not move beyond inference and into the realm of mere conjecture. Lovelace v. Sherwin-Williams Co., 681 F.2d 230, 242 (4th Cir. 1982). Such bald, unsupported, and conclusory allegations do not constitute evidence and therefore do not create triable issues of fact. Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). A plaintiff's beliefs, just like conclusory allegations, speculation, and conjecture are simply insufficient to defeat a properly supported motion for summary judgment. See, Ross v. Communications Satellite Corp., 759 F.2d 355,364 (4th Cir. 1995).

In summary, the plaintiff must present admissible evidence which raises a material and genuine factual dispute. "The mere existence of a scintilla of evidence in support of plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252.

## **FACTS**

The facts, either undisputed or according to the plaintiff as the non-moving party, and taken in the light most favorable to the plaintiff follow.

4

The verified complaint's[2] "Statement of Claim" reads:

> 1. I arrived at the J. Reuben Long Det. Center on November 24, 2009. After going through the booking process I was moved into an intake unit B-4. I was assigned to a cell that had two bunks, a sink, a toilet, and a desk. Including myself there were four inmates assigned to that call. I was forced to sleep on the floor inches from the toilet. A few days later I was moved to general population unit A-1. I was assigned to a cell that had four beds, one sink, and one toilet. Including myself there were nine inmates assigned to that cell. This meant that five inmates including myself were forced to sleep on the floor. The cells were covered with black mold which caused rashes and upset stomachs. Since November 24, 2009, I have been assigned to several different cells, all of which are overcrowded and inhumane, I filed several grievances regarding this issue, all have gone unanswered.
>
> It is both Sheriff Phillip Thompson's and Director Tom Fox's job to provide safe housing to all inmates while following all state, federol, and local occupancy permits and fire codes. They have failed to do so. (sic).
>
> 2. I arrived at the J. Reuben Long Det. Center on November 24, 2009. Upon my arrival I began filing inmate request forms to attend the law library. Those request forms were never answered. I then filed several grievances in regards to attending the law library, all went unanswered. I am facing serious charges and believe I should be able to attend a law library to adequatly plan my defense. Further more I am facing a civil action by the victims family. In a civil action the defendant

---

[2] Although the defendants argued in their summary judgment motion that the plaintiff has not provided any evidence to support his claim, Plaintiff filed a verified complaint which, if based upon personal knowledge, must be taken as true for summary judgment purposes. <u>Williams v. Griffin</u>, 952 F.2d 820, 823 (4th Cir. 1991).

5

>     does not receive a public defender therefore I
>     need a law library to adequatly defend myself.
>     (sic).
>
>     It is both the responsibility of Sheriff
>     Phillip Thompson and Director Tom Fox to provide
>     pre-trial detainees with access to a law library,
>     they have failed to do so.

Plaintiff's Complaint Pages 3 & 4.

Plaintiff did not submit further evidence in his opposition to the defendants' summary judgment motion.

The defendants filed the sworn affidavit of Joey Johnson, the Deputy Director of the JRLDC in which Johnson acknowledged that the detention center does, at times, become crowded, and then some residents must sleep on the floor. They are provided the same mattresses as those on the bunks and that they are provided cleaning supplies to clean and disinfect their cells. Additionally, Johnson affied that because the RJLDC is a county facility, it does not maintain a law library and the plaintiff is represented by an attorney on his criminal charges.

The undisputed medical records of the JRLDC filed by the defendants show that Plaintiff never received any treatment for a rash or upset stomach.

## **DISCUSSION**

A review of the record and relevant case law reveals that the defendants' motion for summary judgment motion should be granted.

6

Defendants first argue that Plaintiff failed to exhaust his administrative remedies, and that his claims are therefore subject to dismissal on that basis. Exhaustion of administrative remedies prior to bringing a federal lawsuit is required by 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under Section 1983 of this Title or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"). However, since Plaintiff states that he did grieve his complaints, and further attests in his verified Complaint that he never received responses to his grievances[3], for purposes of summary judgment, Plaintiff's claims will be considered. See, Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir. 2004) (following the lead of the other circuits that have considered the issue, the court concluded that administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance), cert. denied, 544 U.S. 920, 125 S.Ct. 1639 (2005); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (stating that a prison's failure to timely respond renders administrative remedies unavailable).

---

[3] Construed liberally, Plaintiff may have claimed that his constitutional rights were violated because of the alleged improper grievance process. If so, he is not entitled to relief as the "Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by the state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994).

7

CONDITIONS OF CONFINEMENT

In 42 U.S.C. § 1983 actions, as here, the Fourth Circuit has held that in evaluating conditions of confinement claims of pretrial detainees, the deliberate indifference standard is the same for both prisoners and pretrial detainees. Patten v. Nichols, 274 F.3d 829, 834-35 (4th Cir. 2001). Deliberate indifference to a substantial risk of harm to a pretrial detainee by prison officials violates the Due Process clause of the fourteenth amendment to the United States Constitution. Id.; Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001).

It appears that the JRLDC did in fact have an excess of residents during the relevant time period, but it does not follow that Plaintiff's constitutional rights were violated. It is "well established that 'double or triple celling of inmates, is not per se unconstitutional.'" Hause v. Harris, 2008 WL 216651 (D.S.C. January 23, 2008) citing Mathias v. Simpkins, 2007 WL 1577336 at 2 (W.D.Va. May 31, 2007), Cf. Landfair v. Sheahan, 911 F.Supp. 323, 325-326 (N.D.Ill. 1995) (pretrial detainee who alleged that due to overcrowding, he was forced to sleep on floor, and contracted meningitis, failed to state a claim because he did not set forth specific facts showing that he actually had meningitis); Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (the fact that pretrial detainee temporarily had to

8

sleep on a mattress on the floor or on a table "is not necessarily a constitutional violation."); Farmer v. Brennan, 511 S.Ct. 825, 114 S.Ct. 1970 at 1979 (defendants must have engaged in conduct "for the very purpose of causing harm or with the knowledge that harm [would] result".).

Plaintiff additionally failed to show that his alleged rash and upset stomach were caused by his having to sleep on a mattress on the cell floor or that they were serious injuries. In short, he failed to show that defendants Thompson and Fox actually knew of and disregarded a substantial risk of serious injury to him caused by having him sleep on a mattress on the floor when the population of the JRLDC required it. See, Coclough v. Major, 2008 WL 1744556 (D.S.C. April 10, 2008) citing Parrish v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004). As such, no viable 1983 claim has been presented. Furthermore, plaintiff fails to show that these defendants had an express intent to punish him.

## ACCESS TO THE COURTS

The plaintiff also brings suit for the failure to provide him access to a law library at the detention center. Plaintiff may be claiming that his constitutional right of access to the courts has been denied. Nonetheless, Plaintiff failed to state a cognizable claim for several reasons. First, there is no constitutional right to a law library or law books; the

9

constitutional right is for meaningful access to the courts to bring challenges to sentences[4] or conditions of confinement. See, Lewis v. Casey, 518 U.S. 343, 351, 116 S.Ct. 2174 (1996); Giarratano v. Johnson, 521 F.3d 298, 305 (4th Cir. 2008), see, e.g., Lewis, 518 U.S. at 351-52 (allegation that a law library is inadequate may not be a constitutional violation if a prisoner has access to legal advice). It is well settled that to state a cognizable claim for denial of meaningful access to the courts a plaintiff must allege a specific actual injury resulting from the alleged denial. Id. at 349-353 (1996) (holding that an inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure in effect at the place of incarceration in that his non-frivolous legal claim had been frustrated or was being impeded). In this case, Plaintiff does not allege any specific facts as to how his pending legal cases have been adversely affected due to the fact that the JRLDC has no law library, and, therefore, Plaintiff has failed to state a claim upon which relief may be granted.

Additionally, while the plaintiff sued the sheriff of Horry County, as well as the director of the detention center, he made no specific allegations concerning Thompson and Fox in his

---

[4] It is undisputed that Plaintiff is represented by an attorney in defending against criminal charges pending against him.

10

Complaint, except to allege that they are not doing their "job"[5]. As the defendants note, the doctrine of respondeat superior generally is inapplicable to Section 1983 suits. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). A supervisor may be held liable for the constitutional violations committed by his subordinates, but only if the plaintiff can show that the supervisor tacitly authorized, or was deliberately indifferent to, the subordinates' actions. Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir.), cert. denied, 513 U.S. 813 (1994). Supervisory liability for constitutional injuries is not imposed absent an official policy or custom which results in illegal action. Fisher v. Washington Metro Area Transit Authority, 690 F.2d 1133, 1142-43 (4th Cir. 1982). In order to hold a supervisor liable for a constitutional injury, a plaintiff must establish three elements: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct;

---

[5] To the extent that the plaintiff's complaint can be perceived to state additional claims under state law, the court should decline to exercise supplemental jurisdiction over them as summary judgment should be granted on the plaintiff's federal claims. See, 28 U.S.C. § 1367(c)(3).

and (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury. Shaw, 13 F.3d at 799. A plaintiff must generally produce evidence of unconstitutional conduct and that the supervisor had refused to act "in the face of documented widespread abuse." Id. (citing Slakan v. Porter, 737 F.2d 368, 373 (4th Cir. 1984)). The plaintiff here has simply not met his burden and the defendants' motion should be granted.

As an additional and alternate ground for summary judgment, it appears that the defendants are entitled to qualified immunity pursuant to Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727 (1982) and its progeny.

**CONCLUSION**

Accordingly, for the aforementioned reasons, it is recommended that the defendant's motion for summary judgment be granted, that the court exercise its discretion pursuant to 28 U.S.C. § 1367(c)(3) to dismiss without prejudice any state law claims, and this matter ended.

                              Respectfully Submitted,

                              Robert S. Carr
                              United States Magistrate Judge

Charleston, South Carolina
August 4, 2010

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within **fourteen (14) days** of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).